So, Mr. Villaplena, you're doing the opening, and then Mr. Carson's doing the rebuttal. Is that correct? Correct, Your Honor. Five minutes of rebuttal. Okay. Go ahead. May it please this Court, Victor Villaplena on behalf of the appellants in this matter. Your Honor, I'm going to start first with the idea of what was decided before. And refer to the order... What was decided before, meaning by the Bankruptcy Court? Yes, Your Honor. Okay. And the order that we have appealed from and it was entered, it's quite clear that the only decision by the judge, the bankruptcy judge, was that the court, in its view, had exclusive jurisdiction over this matter and therefore denied our motion to file actions in another court. So can I, and I apologize for not raising this perhaps in an order beforehand, but as I was reviewing this last night, I started thinking, why do we have jurisdiction here? Because is that not an interlocutory appeal? I mean, the district, or excuse me, the district court, the Bankruptcy Court said, I have exclusive jurisdiction. That didn't deny any of the claims. You could have still gone forward with them in the Bankruptcy Court. And I assume that your answer is going to hinge on some form of finality is different under bankruptcy law. That would be helpful for me to understand a little bit better why that's the case. Well, there would be two answers. One, she not only said she had exclusive jurisdiction, she ordered us to dismiss other actions we had filed. I understand that. But it seems to me that you would have... So is that your hook is the order of dismissal in other cases? Correct. And she said we couldn't... But wouldn't you have to appeal that? I mean, wouldn't the proper vehicle be to, well, I guess you're right. You couldn't appeal the dismissal in the district court, the federal district court. Yes. Yeah. Okay. So that's our start there, that she ruled she had exclusive jurisdiction. That's the order we appealed from. So you're arguing it really is a final order, at least collaterally, as to the federal district court action. That is correct, Your Honor. Okay. Then why did she rule that she had exclusive jurisdiction? She ruled that on the basis of a statute, 1334, 28 U.S.A. 1334, E2. And E2 gives the bankruptcy judge exclusive jurisdiction to hear matters involving the construction of Section 327. 327 is the section that describes how professionals are employed in a bankruptcy case. None of our claims, Your Honor, have anything to do with the construction of 327. If you look at our claims, and we describe them in some particularity in our brief, we call them the underlying breaches. All these underlying breaches have to do with the former trustee over-ordering merchandise, paying too much for point-of-sale information, not getting the right kind of equipment. But if the bankruptcy court is the appointing authority of the trustee, you are alleging essentially breaches of fiduciary duties by the trustee in the administration of the bankrupt estate. Why wouldn't the bankruptcy court be the sole place to bring such a claim? And that gets us to the Barton Doctrine and the exception to the Barton Doctrine in Section 959. And the reason it does create an exception for what you just described is that Section 959 says that a trustee can be sued in an appropriate court that has personal jurisdiction and the rest for any act, any act, in the operating of the business. But the cases are all tort actions or breach of contract claims. The trustee is running a railroad, and you run over the farmer's cow, and now the farmer wants to get reimbursed from the railroad. That case you can bring in state court. But this is a case that basically challenges how the trustee carried out his obligations under the order of appointment. And it seems to me that is a different type of a claim than what I'll call business tort claims. Well, you did mention, and you're correct, that it's not just business tort claims. The Supreme Court case involves a breach of contract. Okay. So if there had been a dispute between East Coast Foods and the company that sold the T-shirts with Roscoe's chicken and waffles displayed, that case could be brought in Superior Court, could it not? Correct. And what's the reason for making that distinction? Because it still operates, the statute says operating a business. But it wasn't the trustee who was operating. Didn't the trustee hire another entity that was experienced in the restaurant management business? Well, it did hire another entity not experienced in the restaurant business. But it was that other entity that overordered the merchandise, right? Well, we don't see, and we would argue that there's no reason to give a trustee any advantage over other businesses where the CEO or the board are responsible. They're responsible for who they hire. Would you take the position that if the trustee had appointed a lawyer and the lawyer had engaged in malpractice, could that claim be brought in state court, or would that also have to go before the appointing authority? It would depend, I think, on whether under applicable state law such a claim could be brought. But if a CEO had liability for what its attorney, the company's counsel did, then I think the same would apply in a bankruptcy context. There's no reason to treat the CEO of a company different and give them greater protections and give them a competitive advantage over another business. And you can always get insurance for those sorts of claims. You're now talking about Section 959, the exception to Barton. Correct. Are there any cases where courts have held that that exception can be utilized by what's essentially a disappointed debtor as opposed to some other third party? Because it seems like a lot of the cases involve some third party, as Judge Tallman was referencing, who's claiming some injury from the business. Here, the plaintiff is the former debtor. Are there any cases involving 959 in that context? The only one that I can think of, Your Honor, where it's not a tort victim or what's sometimes referred to a bystander is the Thompson case, which you have a partitory contract. There you had a party. Was that party the debtor? I mean, because here we're talking about the debtor itself. In the Thompson case, it was between the trustee entering the contract and breaching the contract. But here, the trustee hired these people, entered the contracts, approved the payments, and did all this mismanagement under his watch, and he should be responsible for that. That's our claim. Why can't the bankruptcy court adjudicate that? And it's the bankruptcy court that approved the payments. So wouldn't the bankruptcy court be the best court in a position to order disgorgement of some or all of the money paid to the trustee in fees? The bankruptcy court, in fact, did order disgorgement from the company that was hired. That company was insolvent, so disgorgement was not much of a remedy. So that did happen. But in this case, our claims, we believe we're entitled to a trial by jury. So if we had to go to a bankruptcy court, that would be compromised. And so that's the reason why we have an insisting on the right to be able to go to an estate court. Also, we haven't talked about who owns the claim. The bankruptcy court thought that it was actually an asset of the bankruptcy estate and that to the extent that there might be a claim worth prosecuting, it should be brought by the plan's successor trustee after the plan of reorganization was approved. What's your response to the court's ruling on that? Two things, Your Honor. First of all, the court, the bankruptcy court, did not really make that decision. That didn't make that. The BAP did. And what we think that the BAP erred was two things. One, it said that we did not have standing because of what you're saying. Because it belonged to the estate. Interestingly enough, you have to look at what the bankruptcy plan says, and it says that the trustee has the sole authority to prosecute actions and all sorts of prosecute, decide, analyze, investigate, evaluate estate claims. So the question is, are these estate claims? We believe they're not estate claims because they all rose post-petition. Estate claims are defined by 541. Is any of this actually before us? I mean, because that's a question here. I mean, the BAP, I guess, ruled on this basis, but the bankruptcy court, at least when you get to the end of the day, it seemed to be basically saying, what I'm saying is you have to bring the claim here. Exactly. And I agree with you. I don't think that the 541 issue or the standing issue is really in front of you. I would point out, interestingly enough, that Judge Nelson, in a case involving this very trustee and this very estate, said that the creditor in that case had no standing because all the creditors were paid in full under plan or to be provided. That's a different issue, right? But it's standing, right? It is who can bring this action. And no creditor can bring it under the ruling that Your Honor authored. And the trustee in this case, when we asked about whether we could prosecute it, he coincided with Your Honor's view in saying, I don't think this involves the estate. It doesn't involve the estate. Before you sit down, what relief, if any, has been obtained as a result of the trustee's actions? Because it did seem that the bankruptcy court was concerned by the trustee's actions. It seemed like maybe some bills hadn't been approved by the second trustee. What is the status on getting relief from the trustee or otherwise looking into these issues that have been raised about the trustee? Nothing. We've been stymied. And so we have not been able to proceed. We did file, because of statute of limitations concerns, we did file a lawsuit in her court. As she said, I'm the only one that can hear these matters. And she has dismissed that complaint. And that's on appeal. And it's going to be, well, it went to the BAP. The BAP affirmed for a number of reasons. And that's going to be before the Ninth Circuit. Our briefs are due, in fact, I think Thursday. Then who ordered disgorgement of funds from this defunct entity? The bankruptcy judge. And that occurred when? I believe it was in 2018. I can stand corrected. Before the plan of reorganization was approved? No, I think it was shortly after, but around the time. It was almost at the conclusion of the case where final fees were being requested, and this came up. Well, was it part of the basis for ordering the disgorgement, the misconduct that you're complaining about? The basis of disgorgement by the entity that did the practice was? Right, even though it's judgment proof, so it was effective. Exactly. Exactly. And I would say to a comment that was made earlier, is that we're not seeking disgorgement of fees on the part of the trustee, former trustee. We're seeking damages. The things could be completely, the measures are completely different. He may have something in legal fees. Our damages may be $10,000, but there are damages. We think they're much higher. But damages are unrelated to the fees. So after the district court issued this order that's in front of us, excuse me, the bankruptcy court issued this order that's in front of us telling you to dismiss your other lawsuits. It sounds like you did go forward with a lawsuit in the bankruptcy court, and that was dismissed, and that's now the subject of a second pending appeal here? Correct. It went up to the BAP and is now in front, will be before you. That sort of gets me back to my, sorry to bring us back to jurisdiction, but I don't understand why we have appellate jurisdiction here. I mean, your claim is, no, you didn't just have exclusive jurisdiction, but now we have a final decision from the bankruptcy court that's addressing that same issue. Well, there's no question that some of the issues will overlap from that case that's on appeal to this case. But what we are asserting in this case. But what are you going to say? You're going to say if you lose the bankruptcy court case. On the merits? Yeah, if you lose it on the merits, then you're going to say, well, that doesn't matter because our first choice was to go to federal district court anyway. But it strikes me that that should have been brought as an appeal to the bankruptcy court case that's currently pending. And we have brought that on appeal. But we're going to decide that. Exactly. And there, the issue of standing, and there's a confusion in the record as to whether the standing is, you have no standing under the contract, under the plan under the contract. Under the plan. Under the plan. That's what, that's the question. That's the question. And we believe we do have standing because these are not estate claims and because a trustee can decide how he best wants to prosecute those claims, particularly when he does not believe correctly that the estate is going to benefit from any recovery. This recovery does not go to the estate. The estate is solvent and you're going to pay all the creditors in full. We'll still give you some time for rebuttal. We took you over a little bit. Thank you very much. We're not going to totally cut you off. We'll give you more than 11 seconds. All right. Good morning, Your Honor. May it please the Court. My name is Uzi Ornan. I represent the appellees, Brad Sharp and DSI. Sorry to focus on this jurisdictional question, but now I'm even more intrigued by it because I think what happened here is exactly what I started to worry about was you're asking, or the appeal right now is, well, do you just have exclusive jurisdiction? But then the merits of that have already been decided, and that's coming up on appeal, right? Well, I would dispute the fact that this is the only issue before the Court, and I'd love to go through my analysis of why there is no standing. I want to settle ourselves because we do have to ultimately convince ourselves that we have jurisdiction here. And it sounds like what their claim is is the reason we have jurisdiction over this, what really is an interlocutory appeal of sorts, is because the bankruptcy court ordered dismissal of the federal actions. Well, it wasn't just that the bankruptcy court ordered the dismissal of district court action or the state court action. Those actions were not authorized under the Barton Doctrine. Right, and I understand that they were not authorized. So I guess is this the only vehicle? Is this the best vehicle to determine whether those were authorized? And I guess – I don't think that's the vehicle. I think what we're here for is because there was a motion for leave to sue the trustee. That motion was denied. To sue the trustee in a court? I'm sorry, to sue the trustee outside the bankruptcy court in a third court, the unauthorizing court. They were not supposed to file the actions in either district court or state court until after the judge ruled on this motion, but they did so. They filed those two actions without notifying the court, even though the Barton Doctrine specifically says that before you file a lawsuit in a different court, you're supposed to get the authority of the appointing court. They did so anyway and did not disclose it. And when we pointed out to the court, certainly the bankruptcy – They sought leave after the fact. Then they sought leave after the fact. And so the court said – But I'm not sure you're addressing my question, which is, do we have appellate jurisdiction over this particular appeal? You don't have any concerns about that? I don't because I think there is a discrete motion to dismiss. Now, the judge said you have no standing to assert these claims. What the judge said was you can come back to my court and challenge the fees, and for that the plan doesn't preclude you from challenging the final fees of the trustee. But the judge was very clear. They have no authority, no standing under the plan to bring this action. Counsel, now I'm starting to have the same concern Judge Nelson has. The bankruptcy court judge was very clear to say, all I am saying is this claim has to be brought before me. And she hasn't resolved the merits of that claim yet. That's fair, but that's not exactly what the judge said. Where's the final judgment here that would trigger appellate jurisdiction? If your honors feel that this is not final judgment, that's fine. I suppose we go back to square one, which is – I'm looking for guidance on this. I mean, we're used to district court final judgment, and we know what those final judgments are. I am less confident in my ability to determine a final judgment from a bankruptcy court because you operate by some slightly different rules. So I'm looking for guidance from you on why this fits within that. Okay, my thoughts. There was a motion to file for leave to file a lawsuit elsewhere. The judge said no, it's denied. Now, what the judge said is that you have to bring it before my court. Well, what the judge said was not that you can bring this action that you filed in the district court or a state court in my court. What the judge said is you can come back and challenge the fees of the trustee, the final fees, and that's a completely different issue. What the judge was saying is you, appellant, have no standing unless all you're doing is challenging the fees. You can challenge the fees because they're not affected by the plan. Well, here's the thing. I mean, the bankruptcy judge had a long hearing, issued a tentative that had a lot of different grounds for it. But at the end of the day, I don't read the bankruptcy judge to say anything other than these lawsuits that you're trying to bring in California state court, California federal district court, you can't do that. That's what's on review here, and we have ability to review under Section 158 final decisions but also orders, right? So why wouldn't this be an order of the bankruptcy court? I think that's true. I think that's true. I do think the court has jurisdiction to rule on an order denying a motion for leave to sue because it is basically saying, and it's pretty final, you cannot file a lawsuit elsewhere. Again, the judge, I believe, ruled very clearly that there's no standing. Why? Because the plan precluded all actions post-confirmation, save actions that were preserved specifically by the plan. What were those actions? Any claims that are state claims, and those were given specifically to the plan trustee, not to the appellant. So the judge was very clear, not only in the tentative, not only if you read the transcript, and I quote the transcript in our briefs, but the judge then issued a minute order right after the hearing and said, my tentative stands. Yeah, but there was, okay, but that's not an order. I mean, there was a final order. It shows the judge's thinking. I understand that, but look, if we're going to have jurisdiction here, it can't be over all these different things, tentative rulings and everything else. It has to be over the order. And the order basically just says, I have exclusive jurisdiction over these claims. What the judge was saying, and if you read the order carefully, it says, based on the factual findings and conclusions of the law made at the hearing, I find that I have the exclusive jurisdiction. Why? Because the judge under Barton Doctrine does have the right to say, it's going to be in my court and not elsewhere. But the judge was very clear that there were other grounds. Not only that, but the court can, and it's pointed in our briefs as well, can rule based on the record that there are other grounds, and there are the fact that there's a plan that specifically says. How do you deal with the judge? I'm just looking at the transcript. The only thing I'm actually deciding on a final basis is you can't go somewhere else because that's what this motion is about. So the rest of my comments, I wouldn't characterize them as final findings. That was in the context of them saying, judge, because I said to the judge, why don't you rule with prejudice? Don't let them then come back and say, I want to amend. And the judge said, I'm not ruling on the merits of the underlying claims. I'm just ruling that they shouldn't be brought elsewhere. So the judge was basically saying, if they want to challenge the trustees' fees in my courtroom, I'm not precluding them. It didn't. I mean, now it turns out that they did pursue this in the bankruptcy court and lost, right? So this is a bit of an academic discussion in the sense that the judge has entertained. I don't know what this order says because it wasn't provided to us, but the judge has ruled on this, and they disagree with that. So this does seem a little strange to be talking about the judge's first order and what she meant by it if she then proceeded to entertain the case. And the judge, I believe, ruled they have no standing in the next. So a panel can decide that. I think that's fair. That's the appeal that's also pending somewhere on our docket. But why shouldn't we dismiss this action for lack of jurisdiction and leave you to argue another day about the merits of the decision that the bankruptcy court actually made on whether or not there was a prosecutable case here against the former trustee? Because I think there are two different issues. One is an issue of whether they have a right to go elsewhere. The other one is whether they have the merits when they came to the bankruptcy court. So I think there may be two different issues involved. The only reason I hesitate to agree with you is the language that Judge Bress just read where the court was very clear. The only thing I'm saying is if you're going to bring this claim, you've got to bring it in front of me. That's all she ruled. And then he took an appeal from that ruling. Well, again, I think one needs to read that language in context. It was in the context of should the dismissals in the district court and state court be with prejudice. And the judge was saying I'm not ruling on the merits of those claims. I'm saying you bring it here. But the judge was also very clear. I take it the second appeal that's pending here is the same parties? Yes. Same counsel? Yes. Right. So if there were any question about the finality of the current appeal, these two appeals could just be consolidated. And at that point, clearly there is final decision because the judge actually proceeded to rule on the actual claim on the merits. I think it's a fair question. I suppose I look at it as two different issues. One is an issue of whether the Barton Doctrine applies. In other words, this was a motion for leave to sue the trustee. The judge made a very clear determination. No, I'm inclined to agree with you on that as my question is maybe trade. But I think it's different than merits. But it doesn't – what I'm saying is even if there were a question about this, this could be handled by consolidating the appeals and treating them as a single appeal. It's absolutely the court's prerogative. It just seems to me that we've – Wait a second before you agree with him. I'm not agreeing. I'm saying it's a prerogative. Yeah. But I disagree that they're the same appeal. I think different issues – Exactly. Because that's now a merits record. Presumably there's testimony, motions practiced, maybe a summary judgment motion.  And none of that's in the record before us. And we don't have the – have you briefed it yet? Actually, it's someone else in my firm, so I don't know, to be honest. But you're right. It's a question of, one, whether Section 928 U.S.C. Section 959A applies. Is that an exception? Is there a standing? These are discrete issues that have to do with whether they can go elsewhere versus the merits of the case, which is now before the bankruptcy judge. I think it's two different appeals, two different records, two different issues. While I would say it's prerogative, I would disagree that that's an appropriate way to go because I think we've now gone through the bankruptcy court denying a motion for reconsideration and went to the BAP. The BAP published a decision and said, you're wrong. 959 does not apply and you have no standing. And now we're here to consolidate the two. I went and read the BAP's opinion. I didn't see anywhere where it discussed this question of jurisdiction. And, again, it might be because I'm not as steeped in bankruptcy, but I would have thought that that would have been a – I mean, it can't be that every single time that a bankruptcy court issues an order, that's automatically immediately appealable. Or is it? No, but the question of finality. If a party comes to the court and says – And that's what I'm struggling with because I don't see – and I think the fact that you decided these questions on the merits shows why it really wasn't final at the end of the day. Well, first of all, I'm not saying that – The bankruptcy court could have gone the other way and given them the relief that they were seeking. And then I bet they wouldn't – they'd probably be asking to dismiss this appeal. Right. I think it's possible – and, honestly, I was involved in that part – that the judge ruled on procedural grounds, including standing. So I don't know that there was long – Although it wasn't necessarily a merit. Exactly, exactly. So to consolidate the two I think would complicate things because it would complicate different orders and different issues. The real issue here is now – Back to the exclusive jurisdiction. You're saying the bankruptcy court got it right. Correct. Yeah. Correct. This is a case where a bankruptcy trustee, a Chapter 11 trustee, under the auspices and oversight of the bankruptcy court, performed very difficult duties. I can go through a whole factual background about the fact that an examiner was appointed in this case initially and found all kinds of unusual practices in terms of governance, of management of the entity, the finances. There was cash that was missing. And because of that, the trustee appointed – the bankruptcy court appointed a trustee, and that trustee redid the books and records or had an accounting do it. Was that the initial trustee? Yes. Completely hired an accountant. They actually created books and records that didn't exist. It was a cash business where a lot of things were missing. Taxes were not filed. The trustee had accountants do all kinds of services. Tax preparers did file tax returns. Not only that, but it turned out that the main asset of the debtor, which was the intellectual property, the chicken – the Roscoe's chicken and waffles name was transferred weeks before the bankruptcy. The trustee sued and brought that back. This is why we're here today. This is vengeance. That became avoidable transfer. Exactly. This is revenge. The trustee did amazing work in this case to get it to a point where there was value to the entity and a plan was confirmed and the creditors presumably will get 100 cents on the dollar. And because of that, he's being sued and pursued in this court. And the bankruptcy court has the factual background on all this, saw all of this in her court. And the court said, number one, the prima facie has not been established. The court said this. Number two, I have exclusive jurisdiction. And, by the way, the court was very clear. Don't come back and file these actions in my court. The court said, I'll give you the standing to challenge the fees of the trustee. The court didn't say you have standing to assert these claims because clearly the plan precludes that standing. The plan was very clear. I don't think the court said you have standing. I'm not sure the court said they don't. It seemed that the court just kind of parked that issue. Your Honor, I can quote chapter and verse. The court very specifically said you have no standing. There was a lot said at the hearing, but we don't just review what somebody says at a hearing. We review the order, and the order doesn't talk about standing. Well, the record does. I mean, the court said you have no standing, and it's quoted from the record. Now, why is that the plan? The plan is very clear, and it's on the record. The briefs that we filed opposing the motion, that's in the record. Isn't this the subject of the second appeal? Isn't that what somebody, perhaps we, will have to deal with in the second case? Certainly that could be one of the issues, but we are here now, and this is an issue before the court. Did the bankruptcy court abuse its discretion by denying the motion for leave? And I'm suggesting that, number one, the court gave six reasons. The record supports those reasons. And, number two, not only did the judge say, the bankruptcy judge, you have no standing, but the record is very clear. The plan is in the record, and the plan says that the only claims that survive the plan are the claims of the estate, and those claims are exclusively the right of the plan trustee. I think it's pretty clear on the record that there is no standing. So whether the judge actually said, you have no standing, and she did, and whether or not the order says that, and the judge says, based on my factual findings and conclusions of law, I'm finding as such, I think the record is very clear there was no standing. I think the record is clear from the questions. I also believe you agree that Barton Doctrine's exception under 959A doesn't apply here. This is not a case where someone slipped and fell on the premises. This is not a case where someone is suing because a trustee entered into a contract post petition. This is a case where the debtor or the owner of the debtor is not happy with what the trustee did, and that's the purview of the bankruptcy court. That's exactly what the bankruptcy court is supposed to do is oversee the fiduciary that it appointed. Okay. Any other questions? If not, we'll turn the time over for rebuttal. Thank you. I appreciate it. Thank you. We'll give you three minutes for rebuttal. Thank you, Your Honors, and may it please the court, Benjamin Carson also for the appellant. I want to clarify very quickly the other appeal that's pending before this court only deals with standing under the plan. No merits briefing. Okay, but it was the follow on when the bankruptcy court said I have exclusive jurisdiction. This is the result of that proceeding. Correct, but that dismissal consistent with the BAPS ruling is only based on lack of standing under the plan. I understand, but it resolves, it finally resolves the claims that are being brought here saying that there's no standing. Well, not really, Your Honor, because even if this court were to uphold that there's no standing under the plan, the plan, when a final decree is entered in the bankruptcy case, all those quote unquote estate claims that are vested in the plan trust right now would revest in East Coast Foods after there's a final decree. So that even if the court were to affirm what the BAPS said there, it would actually still allow us to file a claim against the former trustee after a final decree is entered. Is that right? Yes. If we were to affirm the bankruptcy court's ruling that your client has no standing to bring these claims, then your client could not pursue them further. I respectfully disagree, Your Honor, because there's a provision in the plan that says the claims revest in the debtor after the plan trust is dissolved. I mean, I don't know what that means, but I don't think revest means that it absolves a decision that we make that there was no standing. I mean, how does revesting allow standing? Because the issue on appeal in the other case is only standing under the plan. It's not constitutional standing. So you're saying you would have standing outside of the plan or once the plan is, I guess, rolled in. That's your argument. Yes, Your Honor. I think I understand your argument. Your Honors, if I can get into the issue of appellate jurisdiction real quick. The reason why there is finality here and this court does have appellate jurisdiction is because the bankruptcy court said, I am dismissing with prejudice any claim against the former trustee in a court outside of my own. You can't file an amended version of this complaint. You can't file a new complaint. You can't file anything against him outside of my court. So if this court were to dismiss for lack of jurisdiction, that order would stand and it would be final. But that could have still been challenged along with the standing in the second case. Well, it was challenged. That's what we challenged in this case because the order was made in this manner. But that's the reason why there's finality and why this court has appellate jurisdiction. I don't think there's any question in my mind that there's standing with regard to the second appeal. If the bankruptcy court said you don't have standing to bring this claim because it's an asset of the estate and only the successor trustee can bring them, clearly we have jurisdiction to resolve that question. But if we interpret what the court said to simply be if you have any claim at all, it can only be brought before me. And that's all I'm ruling at this point. There isn't a determination on standing in that language. Not on standing, Your Honor, but there's a determination that significantly compromises our access to trial by jury. And 959A claims normally allow the plaintiff to sue the trustee before a jury, just like they could sue anyone else for torts before a jury. That right is now permanently compromised because she said, with prejudice, you can never take this case anywhere else except my court. I understand that. But anyway, we'll have to analogize that to other Article III standing. Do you have a case number for that pending appeal? Yes, Your Honor. I believe it is. Let me look through my notes here. I believe it is 24-9469, also 24-9470. But the court consolidated those two cases. There are two cases? Well, there are two that had the exact same ruling for the BAP. There were two BAP matters, but the BAP consolidated it and then entered the exact same rulings in both of those cases. Okay, so those are BAP numbers or Court of Appeals? No, those are Court of Appeals Ninth Circuit numbers. But what happened was we moved, the other side agreed, let's consolidate the two Ninth Circuit matters arising from the two BAP matters. Okay, so 9469 and 9470. Yes, I believe so. I don't have a copy of that case in front of me. That's what I have in my notes. But the parties are the same? Parties are the same, yes. Okay, we'll find it. Thank you. Thank you, Your Honors. Thank you. The case is now submitted, and that concludes argument for the day. Thank you. Thank you, Your Honor. All rise. This court for this session stands adjourned.
judges: TALLMAN, NELSON, BRESS